UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EDUARDO P.-M.,                                    Case No. 26-CV-1504 (PJS/LIB)

                Petitioner,

v.                                                ORDER

PAMELA BONDI, Attorney General; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and Customs
Enforcement; DAVID EASTERWOOD,
Acting Director, St. Paul Field Office,
Immigration and Customs Enforcement; and
ERIC TOLLEFSON, Sheriff of Kandiyohi
County Jail,

                Respondents.

Lauren M. Rossitto and Thomas C. Brock, ERICKSON, ZIERKE,
KUDERER & MADSEN, P.A., for petitioner.

David W. Fuller and Jesus Cruz Rodriguez, UNITED STATES
ATTORNEY'S OFFICE, for all respondents except Eric Tollefson.

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for Eric Tollefson.

This matter is before the Court on petitioner Eduardo P.-M.'s petition for a writ

of habeas corpus.[1]  Eduardo, a citizen of Guatemala, entered the United States without

inspection in 2022 and now lives in Columbia Heights, Minnesota.  V. Pet. ¶ 13.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initials.

Eduardo is not subject to a final removal order.  *Id.* ¶ 14.  Immigration and Customs

Enforcement ("ICE") arrested Eduardo on February 17, 2026, without a warrant.  *Id.*

¶ 16.  Eduardo has since been detained at the Kandiyohi County Jail in Willmar,

Minnesota.  *Id.* ¶ 19.

Respondents take the position that Eduardo is subject to mandatory detention

under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under

8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and

recent precedent from the Board of Immigration Appeals finding that § 1225, rather

than § 1226, applies to aliens who entered without inspection and have been residing in

the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025)

(discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA

2025).

Following his arrest, Eduardo filed this habeas action.  This is one of numerous

recent cases challenging the application of § 1225(b)(2) to aliens who are living in the

United States unlawfully.  This Court recently held that, because such aliens are not

"seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos*

*M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25,

2025).

Respondents' argument to the contrary has some force.  *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (adopting the government's reading of § 1225(b)(2)).  But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Eduardo, who entered without inspection and are already present and living in the United States.[2]  The Court therefore holds that Eduardo is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  "If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (quoting § 1226(a)).  Eduardo alleged in his petition that his arrest was warrantless, *e.g.*, V. Pet. ¶¶ 15, 29, 53, and respondents have not argued otherwise

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 5.

or presented evidence to the contrary.[3]  The Court will therefore grant Eduardo's petition and order his release.

Finally, in his reply brief, Eduardo emphasizes his request for the Court to order his release with all of his personal effects and without conditions.  ECF No. 6.  Importantly, there is no evidence that Eduardo has received a Notice to Appear initiating removal proceedings against him or is otherwise under government supervision.  *Contra, e.g.*, *Silvestre R.C. v. Bondi*, 26-CV-0436 (LMP/JFD), ECF No. 18 (D. Minn. Jan. 28, 2026) (citing ICE policy allowing retention of foreign and domestic government-issued documents *during the pendency of removal proceedings*); *Luis P.M. v. Bondi*, 26-CV-0970 (PJS/DJF), ECF No. 8 (D. Minn. Feb. 7, 2026) (declining to order the release of foreign-issued documents to a petitioner who was already in removal proceedings);  *Rosa C. v. Bondi*, 26-CV-1115 (PJS/DTS), ECF No. 8 (D. Minn. Feb. 18, 2026) (ordering release of a petitioner subject to previously-imposed conditions).  Respondents fail to identify any other reason to withhold Eduardo's items or release him with conditions.  The Court therefore grants Eduardo's request for unconditional release with his personal effects.

---

[3]The Court ordered respondents to address whether the absence of a warrant preceding Eduardo's arrest necessitates his immediate release, and respondents did not address the issue.  ECF Nos. 3 ¶ 2(e) and 5.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.  Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2.  The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3.  Respondents must unconditionally release petitioner from custody by February 25, 2026, at 4:30 pm, with all of his personal effects. If petitioner is not in Minnesota, respondents must return petitioner to Minnesota before releasing him.

4.  The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 23, 2026                    /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court

-5-